UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. 2:14-cv-2663-JAM-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WILLIE HENRY WILLIAMS, et al., | |
| Defendants. | |

On April 22, 2015, the court held a hearing on defendant Willie Henry Williams' motion to set aside the court's entry of default. Diane Devin appeared for plaintiff Joe Hand Promotions, Inc. and Nilesh Choudhary appeared for defendant Williams.[1]  On review of the motions, the documents filed in support and opposition, hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

On November 14, 2014, plaintiff filed its complaint against defendants for violation of 47 U.S.C. § 605, 553; California Business and Professions Code §§ 17200, et seq.; and conversion.

---

[1] Nilesh Choudhary filed a proposed substitute of attorney signed by both him and defendant Williams on April 21, 2015. ECF No. 11. As the undersigned stated at the April 22, 2015, hearing, all proposed orders must be emailed to the undersigned as a Word document. Local Rule 137(b). Although Mr. Choudhary neglected to do this, the undersigned agreed to sign the chambers' courtesy copy instead. ECF No. 15. In the future, the court expects counsel to abide by the Local Rules when filing motions and proposed orders.

1  ECF No. 1.  Plaintiff alleges that it was the exclusive commercial domestic distributor of Ultimate
2  Fighting Championship 167: Georges St-Pierre v. Johny Hendricks (hereinafter "the Program")
3  and that on November 15, 2013, defendant Williams supervised it being illegally shown at The
4  Liaisons Lounge and Restaurant.  Id. at 3–4.
5       On January 24, 2015, plaintiff submitted proofs of service for both defendants.  ECF Nos.
6  4 & 5.  According to plaintiff, it served defendants by substituted service on January 13, 2015,
7  when it left copies of the summons and complaint with defendant Williams' son, Willie Henry
8  Williams Jr., at 2667 Alta Arden Expressway, Sacramento, California 95825.  Id.  Plaintiff states
9  that it made at least three attempts to personally serve defendants and mailed copies to the
10 foregoing address on January 14, 2015.  Id.  On March 3, 2015, plaintiff requested that the clerk
11 of the court enter orders of default for both defendants.  ECF No. 6.  On March 4, 2015, the clerk
12 of the court entered default orders for both defendants.  ECF No. 7.  On March 25, 2015,
13 defendant Williams filed a motion to set aside the entry of default.  ECF No. 8.  The motion was
14 amended on March 27, 2015.  ECF No. 9.  On April 8, 2015, plaintiff filed an opposition.  ECF
15 No. 10.
16      On April 21, 2015, defendant Williams filed a proposed substitute of attorney.  ECF No.
17 11.  Also on April 21, 2015, defendant Williams filed a declaration stating that although he does
18 have a son his name is Curvin Demone Williams, not Willie Henry Williams Jr. as plaintiff
19 contends, and that the son does not live in California.  ECF No. 13.

## LEGAL STANDARDS

21      The Federal Rules provide that a "court may set aside an entry of default for good cause."
22 Fed. R. Civ. Pro. 55(c).  To determine "good cause", a court must "consider[ ] three factors: (1)
23 whether [the party seeking to set aside the default] engaged in culpable conduct that led to the
24 default; (2) whether [it] had a meritorious defense; or (3) whether reopening the default judgment
25 would prejudice" the other party.  Franchise Holding II, LLC. v. Huntington Restaurants Grp.,
26 Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).  This standard, which is the same as the one used to
27 determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such
28 that a finding that any one of these factors is true is sufficient reason for the district court to refuse

1  to set aside the default. See id.  Crucially, however, "judgment by default is a drastic step
2  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the
3  merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham
4  & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271
5  F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th
6  Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

7  Additionally, "[w]hile the same test applies for motions seeking relief from default
8  judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule
9  55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and
10 citations omitted).  This is because in the Rule 55 context there is no interest in the finality of the
11 judgment with which to contend.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508,
12 513 (9th Cir. 1986).

13                                          DISCUSSION

14 In light of the Ninth Circuit's instructions that cases be heard on the merits "whenever
15 possible," the court will recommend that defendant Williams' motion to set aside the court's
16 default order be granted.  Although plaintiff's opposition argues at length that defendant Williams
17 has not shown good cause, ECF No. 10 at 4–10, it does not contend that "extreme circumstances"
18 exist justifying the denial of defendant Williams' motion.  Courts must grant motions to set aside
19 default orders in the absence of such extreme circumstances.  United States v. Signed Pers. Check
20 No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010).  Moreover, defendant
21 Williams has established good cause for the granting of his motion in light of the Ninth Circuit's
22 three factors.

23 With regards to the first "culpability" factor, the Ninth Circuit has said that "'a
24 defendant's conduct is culpable if he has received actual or constructive notice of the filing of the
25 action and intentionally failed to answer.'" TCI Grp. Life Ins. Plan, 244 F.3d at 697.  Defendant
26 Williams states that he did not receive notice of this matter when he was served because he was
27 out of town.  ECF No. 8 at 6.  According to defendant Williams he became aware of this matter
28 only a week before he filed his motion to vacate the court's default order.  Id.  By way of

3

1    response, plaintiff's opposition lays out exactly how defendant Williams was properly served.
2    ECF No. 10 at 5–6. The fact that defendant Williams was properly served, however, does not
3    establish he intentionally failed to answer plaintiff's complaint. Plaintiff also argues that
4    defendant Williams' lack of legal sophistication and age cannot excuse his failure to timely
5    respond to plaintiff's complaint. Id. at 7. Even if that were true, the fact that defendant Williams
6    didn't receive actual notice of his involvement in this matter until mid-March is enough to
7    establish he did not engage in culpable conduct.

8    When it comes to the second "meritorious defense" factor, "all that is necessary . . . is to
9    allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual
10   allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the
11   default." Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1094 (citation omitted).
12   Defendant Williams states that he did not show the Program at The Liaisons Lounge and
13   Restaurant. ECF No. 8 at 4–5. Defendant Williams also argues that plaintiff has no basis for
14   naming him in this lawsuit because he has no active role in managing defendant International
15   Wealth Enterprises, Inc. ("Wealth Enterprises"). Id. Defendant Williams' assertion that the
16   Program was never shown at The Liaisons Lounge and Restaurant would constitute a complete
17   defense to plaintiff's claims, if true. Plaintiff concedes as much in his opposition. ECF No. 10 at
18   9.

19   Finally, the "prejudice" factor requires plaintiff to suffer from some prejudice beyond
20   minimal delay. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000). Plaintiff
21   contends that it would be prejudiced by the granting of defendant Williams' motion because
22   defendant Williams claims not to be involved in the operation of defendant Wealth Enterprises.
23   ECF No. 10 at 8–9. According to plaintiff, defendant Williams' lack of involvement in defendant
24   Wealth Enterprises will create substantial problems with the discovery of information relevant to
25   the operation of the business. Id. at 9. Plaintiff does not explain why this amounts to prejudice
26   that would result from the granting of defendant Williams' motion. Any potential issues
27   regarding discovery can be resolved at the appropriate time, after defendant Williams' motion has
28   been granted. Accordingly, the court finds that plaintiff would not be prejudiced by the granting

of defendant Williams' motion.

Plaintiff also points out that defendant Williams' motion does not apply to the default order issued for defendant Wealth Enterprises because corporations cannot be represented by individuals who are not licensed to practice the law.  Defendant Williams did not purport to bring this motion move on behalf of defendant Wealth Enterprises.  Defendant Williams' motion refers primarily to himself in the singular and contains little to no mention of defendant Wealth Enterprises.  ECF No. 8.  In addition, Mr. Choudhary does not represent defendant Wealth Enterprises.  As Mr. Choudhary stated at the court's April 22, 2015, hearing, he represents defendant Williams exclusively.  Defendant Wealth Enterprises has yet to appear in this matter and accordingly, the court's order of default as to it remains in effect.

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that defendant Williams' amended motion to set aside the court's order of default, ECF No. 9, be GRANTED and his original motion to set aside the court's order of default, ECF No. 8, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 23, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE