UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. 2:14-cv-02663-JAM-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WILLIE HENRY WILLIAMS, et al., | |
| Defendants. | |

Pending before the court is (1) plaintiff's June 8, 2015, motion for default judgment against defendant International Wealth Enterprises, Inc. ("International Wealth") and (2) International Wealth's July 28, 2015, motion to set aside default. ECF Nos. 17, 24. On September 2, 2015, the court held a hearing on International Wealth's motion to set aside default. Gary Decker appeared on behalf of plaintiff Joe Hand Promotions, Inc.; and Steven Berniker appeared on behalf of International Wealth, doing business as The Liaisons Lounge and Restaurant ("Liaisons Lounge"). On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

On November 14, 2014, plaintiff filed its complaint against defendants for violation of 47 U.S.C. § 605, 553; California Business and Professions Code §§ 17200, *et seq.*; and conversion.

1

1  ECF No. 1.  On January 24, 2015, plaintiff submitted proofs of service for both defendants.  ECF
2  Nos. 4 & 5.  According to plaintiff, it served defendants by substituted service on January 13,
3  2015, by leaving copies of the summons and complaint with defendant Williams' son, Willie
4  Henry Williams Jr., at 2667 Alta Arden Expressway, Sacramento, California 95825.  Id.  Plaintiff
5  states that it made at least three attempts to personally serve defendants and mailed copies on
6  January 14, 2015.  Id.  On March 3, 2015, plaintiff requested that the clerk of the court enter
7  orders of default for both defendants.  ECF No. 6.  The clerk of the court did so the next day.
8  ECF No. 7.  On March 25, 2015, defendant Williams filed a motion to set aside the entry of
9  default, which he then amended two days later.  ECF Nos. 8, 9.  On April 21, 2015, defendant
10 Williams filed a proposed substitution of attorney along with the declaration of his proposed
11 attorney, Nilesh Choudhary.  ECF Nos. 11, 12.  Mr. Choudhary's declaration explicitly states that
12 he was retained to represent defendant Williams and not International Wealth.  ECF No. 12.

13  On April 22, 2015, the day of the court's hearing on defendant Williams' motion to set
14 aside default, the court ordered Mr. Choudhary substituted as attorney for defendant Williams.
15 ECF Nos. 14, 15.  On April 24, 2015, the court issued findings and recommendations
16 recommending that defendant Williams' motion to set aside default be granted.  ECF No. 16.  The
17 court's recommendations explicitly stated that they did not apply to International Wealth.  Id. at
18 5.  Those recommendations were adopted in full on June 9, 2015.  ECF No. 18.

19  On June 8, 2015, plaintiff filed a motion for default judgment against International
20 Wealth.  ECF No. 17.  On June 10, 2015, defendant Williams filed an answer to plaintiff's
21 complaint.  ECF No. 19.  On July 21, 2015, the court submitted plaintiff's June 8, 2015, motion
22 for default judgment on the papers.  ECF No. 22.  On July 28, 2015, International Wealth filed a
23 motion to set aside default and default judgment.  ECF No. 24.  On August 19, 2015, plaintiff
24 filed an opposition.  ECF No. 26.

25                                                    LEGAL STANDARDS
26  The Federal Rules provide that a "court may set aside an entry of default for good cause."
27 Fed. R. Civ. Pro. 55(c).  To determine "good cause", a court must "consider[ ] three factors: (1)
28 whether [the party seeking to set aside the default] engaged in culpable conduct that led to the

default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party.  See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).  This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.  See id.  Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

DISCUSSION

I.   International Wealth's Motion to Set Aside Default

Per the Ninth Circuit's instructions that cases be heard on the merits whenever possible, the court will recommend that International Wealth's motion to set aside the court's default order be granted.  Although plaintiff's opposition argues at length that International Wealth has not shown good cause, ECF No. 26 at 4–11, International Wealth ultimately satisfies the Ninth Circuit's three factors.

Culpability Factor:  With regards to the first "culpability" factor, the Ninth Circuit has said that "'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.'"  TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

3

In its motion, International Wealth explains that it did not answer plaintiff's complaint sooner because it was not aware that as a corporation, it is a distinct entity in need of representation.[1] ECF No. 24-2 at 4. In addition, International Wealth states that it has had trouble finding an attorney to represent it because of its limited financial resources. Id. Defendant Williams further states in an attached declaration that after he received plaintiff's complaint, he enlisted the help of attorney Steven Berniker to informally seek a set aside of the default, which proposal plaintiff rejected. ECF No. 24-3. Mr. Choudhary apparently declined to represent International Wealth because of a potential conflict of interest. Id. Defendant Williams states that he then thought the manager of Liaisons Lounge, Abby Arika, could represent International Wealth. Id. Once he learned that International Wealth could appear only through counsel, he enlisted the help of Mr. Berniker, who agreed to represent the corporation. Id.

Plaintiff argues in opposition that International Wealth fails to satisfy the culpability factor because it does not offer a good faith explanation for why it neglected to respond to plaintiff's complaint sooner. ECF No. 26 at 4–5. Plaintiff points particularly to the fact that defendant Williams has been aware of this case at least since he filed his own motion to set aside default on March 25, 2015. Id. Plaintiff also contends that International Wealth cannot in good faith claim it did not know it needed to secure legal representation as a corporate entity in light of the court's April 1, 2015, order. ECF No. 26 at 6. The court's April 1, 2015, order specifically

---

[1] International Wealth also states that

> he was not informed of the effort to engage in substitute service to service him at the business establishment for several weeks, until approximately a week before the default was taken against him. He is 75 years old and unaware of the ramifications of the legal process and when he became informed of the ramifications of the case he contact attorney Steven Berniker for purposes of requesting the default be set aside. Defendant, at this time, is a silent partner for the business and does not have active engage in the business for purposes of being served at the business establishment.

ECF No. 24-2 at 34. These facts are copies verbatim from defendant Williams' own motion to set aside default, ECF No. 8 at 6, and are obviously inapplicable, on their face, to a corporation.

4

warned defendant Williams that default would not be set aside as to International Wealth, in part because International Wealth needed to secure its own counsel. ECF No. 20. Nevertheless, International Wealth did not file a motion to set aside default until July 28, 2015, nearly four months later. ECF No. 24. The only explanation International Wealth gives for this delay is the fact that it has limited financial means and had trouble obtaining an attorney. ECF No. 24-2 at 4. Plaintiff argues that this excuse is insufficient because International Wealth fails to give any facts explaining the efforts that it made in an attempt to find counsel. ECF No. 26 at 7.[2]

      Plaintiff makes some salient arguments about why defendants' neglect has not been excusable. Chief among them is the fact that the court specifically warned defendant Williams that its April 1, 2015, order was not setting aside default as to International Wealth because it needed to secure its own counsel. Nevertheless, defendant Williams (who is clearly the person acting on behalf of International Wealth) is 75 years old, and appears to be unsophisticated regarding legal matters. The fact that defendant Williams has, for all intents and purposes, been acting on International Wealth's behalf strongly weighs in favor of granting its motion. See Mesle, 615 F.3d at 1089 ("Our rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."). In addition, International Wealth's motion does state that even after it learned it needed to acquire counsel, it had trouble doing so for financial reasons. Despite the fact that International Wealth does not give a detailed account of its search for an attorney, this does help account for its delay in filing a motion to set aside judgment. Accordingly, despite International Wealth's delay it has shown excusable neglect and satisfied this factor.[3]

---

[2] Plaintiff also argues that International Wealth's conduct was culpable by pointing to United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereinafter "Mesle"). ECF No. 26 at 8–9. Plaintiff argues that International Wealth was not nearly as diligent in pursuing its case as the defendant in Mesle. However, the Ninth Circuit in Mesle actually *reversed* a district court's denial of a motion to set aside default because it held that the defendant's conduct in that matter was ***not*** culpable. 615 F.3d at 1092. Accordingly, Mesle does not support the proposition that International Wealth's conduct was culpable.

[3] In response to the court's last order granting defendant Williams' motion to set aside default, (continued…)

1      Meritorious Defense:  When it comes to the "meritorious defense" factor, "all that is
2  necessary . . . is to allege sufficient facts that, if true, would constitute a defense: 'the question
3  whether the factual allegation [i]s true' is not to be determined by the court when it decides the
4  motion to set aside the default."  Mesle, 615 F.3d at 1094 (citation omitted).  International Wealth
5  states that the Program was not shown at Liaisons Lounge.  ECF No. 24-2 at 2, 4.  International
6  Wealth's assertion that the Program was never shown at Liaisons Lounge would constitute a
7  complete defense to plaintiff's claims, if true.  Plaintiff concedes as much in its opposition.  ECF
8  No. 26 at 11.

9      Prejudice:  Finally, the "prejudice" factor requires plaintiff to suffer from some prejudice
10 beyond minimal delay.  Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000).
11 International Wealth contends that the only consequence to plaintiff of setting aside the default
12 will be that plaintiff actually has to litigate its claims, which does not constitute prejudice.  ECF
13 No. 24-2 at 5.  Plaintiff contends in opposition that International Wealth fails to meet its burden to
14 establish plaintiff will not suffer prejudice.  ECF No. 24-2 at 9–10.  Plaintiff's argument is
15 unconvincing.  Plaintiff will not suffer any prejudice beyond a relatively minor delay, which is
16 insufficient in light of the strong policy in favor of deciding cases on the merits.

17      In accordance with the foregoing, the court finds that International Wealth has met the
18 Ninth Circuit's requirements for granting a motion to set aside the entry of default.  The court will
19 recommend that International Wealth's motion to set aside default be granted.

20 II.    Plaintiff's Motion for Default Judgment

21      In light of the court's recommendation that International Wealth's motion to set aside

---

plaintiff also asserts that it need not point to any "extreme circumstances" justifying the denial of a motion to set aside default. ECF No. 26 at 7–8.  In support of its contention it cites United States v. Aguilar, 782 F.3d 1101, 1106 (9th Cir. 2015), which held that district courts need not, on top of the Ninth Circuit's three factors, point explicitly to any extreme circumstances justifying the denial of a motion to set aside default. ECF No. 26 at 7–8.  Plaintiff's argument based on Aguilar does not help it.  Aguilar stands for the proposition that if plaintiff cannot show the circumstances are extreme *based* on the three factors then defendant's motion should be granted.  Aguilar, 782 F.3d at 1106 ("The 'extreme circumstances' policy language was intended to remind courts that default judgments are the exception, not the norm, and should be viewed with great suspicion.").  This is the standard the court will apply in ruling on International Wealth's motion.

default be granted, the court will also recommend plaintiff's motion for default judgment against International Wealth be denied. A clerk of court's entry of default under Rule 55(a) is a prerequisite to the Court's entry of default judgment. Accordingly, the court's setting aside of default means that a motion for default judgment is procedurally improper.

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that

1. International Wealth's motion to set aside the clerk's order of default, ECF No. 24, be GRANTED; and

2. Plaintiff's motion for default judgment, ECF No. 17, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7