UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOE HAND PROMOTIONS, INC., | No. 2:14-cv-02663-JAM-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** |
| WILLIE HENRY WILLIAMS a/k/a WILLIAM HENRY WILLIAM, et al., | |
| Defendants. | |

Plaintiff Joe Hand Promotions ("Plaintiff") moves to strike all eight affirmative defenses asserted by Defendant International Wealth Enterprises, Inc. doing business as The Liaisons Lounge and Restaurant ("IWE" or "Defendant").[1] Mot. to Strike, ECF No. 35. IWE did not file an opposition to the motion, but IWE's counsel submitted a declaration indicating his willingness to strike four of IWE's affirmative defenses from its answer. Berniker Decl. at 2, ECF No. 37.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 23, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff allegedly owned the exclusive nationwide commercial distribution rights to Ultimate Fighting Championship 167: Georges St-Pierre v. Johny Hendricks ("the Program"), telecast nationwide on November 16, 2013. Compl. ¶ 16, ECF No. 1. Plaintiff alleges that IWE "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission." Compl. ¶ 19. Plaintiff filed this lawsuit against IWE and Willie Henry Williams (an alleged "officer of [IWE]") alleging conversion, violations of 47 U.S.C. §§ 605 and 553, and violation of California Business and Professions Code §§ 17200-17210. Compl. at 4-8.

IWE answered Plaintiff's complaint, asserting eight affirmative defenses. Answer ¶¶ 5-12, ECF No. 33. In response to Plaintiff's motion to strike, IWE's counsel submitted a declaration indicating his willingness to strike IWE's third, fourth, sixth, and seventh affirmative defenses. Berniker Decl. at 2. These four affirmative defenses are therefore stricken without leave to amend. Only IWE's first, second, fifth, and eighth (erroneously labeled in IWE's answer as the eleventh) affirmative defense remain at issue.

II.   OPINION

A.   <u>Legal Standard</u>

A motion to strike is brought pursuant to Federal Rule of Civil Procedure 12(f).

> Rule 12(f) provides . . . that the Court may order stricken from any pleading any insufficient defense or any redundant,

2

> immaterial, impertinent, or scandalous matter. Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.

Bassett v. Ruggles, No. CV-F-09-528-OWW-SMS, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted). "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In the Ninth Circuit, a defendant need only plead an affirmative defense in "general terms." Staggs v. Doctor's Hosp. of Manteca, No. 2:11-CV-00414-MCE-KJN, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016) (quoting Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015)). Accordingly, "the 'fair notice' standard, and not the heightened pleading standard identified by Twombly and Iqbal [applies] to motions to strike affirmative defenses." Staggs, 2016 WL 3027742, at *1.

### B. Analysis

#### 1. First Affirmative Defense: Statute of Limitations

Defendant's first affirmative defense is that "[a]ll claims for damages are barred by the statute of limitations." Answer ¶ 5. The statute of limitations is one year for violations of 47 U.S.C. §§ 605 and 553. J & J Sports Prods., Inc. v. Angulo, No. 2:14-CV-02666-KJM-AC, 2015 WL 5020725, at *4 (E.D. Cal. Aug. 21, 2015). The statute of limitations is three years for

3

1  conversion, Cal. Code Civ. Pro. § 338(c), and four years for
2  claims under the California Business and Professions Code, Cal.
3  Bus. & Profs. Code § 17208.
4       In evaluating a motion to strike, a court must treat facts
5  in the complaint as true. Joe Hand Promotions, Inc. v. Alvarado,
6  No. 1:10-CV-00907-LJO, 2011 WL 201466, at *2 (E.D. Cal. Jan. 19,
7  2011).  If a defendant offers no factual assertion that the
8  program in question was televised on a day other than that
9  alleged by the plaintiff, a court is "obligated to assume the
10 broadcasting date is accurate."  Angulo, 2015 WL 5020725, at *4.
11      Plaintiff alleges that the Program was televised at IWE's
12 Liaisons Lounge on November 16, 2013, and IWE provides no
13 factual assertions to the contrary.  Plaintiff filed the
14 complaint on November 14, 2014, within each of the applicable
15 statues of limitations.  IWE's first affirmative defense is thus
16 stricken with leave to amend.
17           2.   Second Affirmative Defense: Failure to State a
18                Claim
19      Defendant states in its second affirmative defense that
20 Plaintiff's complaint "in its entirety and through each
21 separately stated cause of action, fails to state facts
22 sufficient to constitute a viable cause of action."  Answer ¶ 6.
23 "Failure to state a claim is a defect in the plaintiff's
24 claim[,] . . . [not] an affirmative defense." J & J Sports
25 Prods., Inc. v. Romero, No. 1:11-CV-1880-AWI-BAM, 2012 WL
26 2317566, at *4 (E.D. Cal. June 18, 2012) (internal citations and
27 quotation marks omitted).  Defendant's second affirmative
28 defense is therefore stricken without leave to amend.

4

         3.    <u>Fifth Affirmative Defense: Standing</u>

Defendant asserts that "Plaintiff lacks standing to bring suit." Answer ¶ 9. "Standing has been considered a proper affirmative defense by many courts." <u>Joe Hand Promotions, Inc. v. Dorsett</u>, No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, at *5 (E.D. Cal. Apr. 3, 2013).

Plaintiff, citing to <u>J & J Sports Productions, Inc. v. Nguyen</u>, 2014 WL 60014, at *5 (N.D. Cal. Jan. 7, 2014), argues that IWE's standing affirmative defense is "insufficient as a matter of law." Mot. to Strike at 9. The <u>Nguyen</u> court, however, analyzed standing in the context of the defendant's motion to dismiss, not in the context of the plaintiff's motion to strike affirmative defenses. <u>Nguyen</u> is therefore inapplicable here. Under notice-pleading standards, IWE's fifth affirmative defense is sufficient. Plaintiff's motion to strike IWE's fifth affirmative defense for lack of standing is DENIED.

         4.    <u>Eighth Affirmative Defense: Lack of Control</u>

IWE's last affirmative defense is that it "lacks control to be held responsible for allegations in Plaintiff's complaint." Answer ¶ 12. Though affirmative defenses need only be described in "general terms," this affirmative defense fails. IWE must at least give Plaintiff fair notice of the defense being asserted. <u>Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.</u>, No. 1:13-CV-01545-AWI, 2014 WL 1245800, at *2 (E.D. Cal. Mar. 24, 2014). Here, IWE fails to indicate what or who it lacks control over. IWE's eighth affirmative defense does not give Plaintiff fair notice of what defense is being asserted, and the Court therefore strikes the

eighth affirmative defense with leave to amend.

### III. ORDER

The Court hereby STRIKES Defendant's second, third, fourth, sixth, and seventh affirmative defenses without leave to amend. The Court STRIKES IWE's first and eighth affirmative defenses with leave to amend. The Court declines to strike Defendant's fifth affirmative defense.

IT IS SO ORDERED.

Dated: September 16, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE